**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH A. JARAMILLO,

Plaintiff,

vs. No. CIV 11-0906 JB/ACT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

Defendant.

**MEMORANDUM OPINION AND ORDER REGARDING THE MAGISTRATE JUDGE'S REPORT AND RECMMENDATION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Report and Recommendation, filed July 30, 2013 (Doc. 25)("R&R"), regarding the Plaintiff's Motion to Reverse or Remand Administrative Agency Decision, filed May 24, 2012 (Doc. 20)("Motion to Reverse"), and his Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision, filed May 24, 2012 (Doc. 21)("Motion to Reverse Memorandum"). On August 14, 2013, the Defendant filed his Objections to Magistrate Judge's Report and Recommendation (Doc. 26)("Objections"). On August 28, 2013, the Plaintiff Joseph A. Jaramillo filed his Response to Objection to Magistrate Judge's Report and Recommendations. See (Doc. 27)("Response"). On September 3, 2013, the Defendant filed a Reply to Plaintiff's Response to Defendant's Objection to Magistrate Judge's Report and Recommendation. See (Doc. 28)("Reply"). "Although reply briefs in support of objections are not contemplated by Fed. R. Civ. P. 72(b), which allows for a response to objections, the Court will consider the government's reply." Nabi v. Terry, No. CV 12-0259 MV/LAM, 2012 WL 7808091, at * 1

(D.N.M. October 29, 2012)(Vazquez, M.).[1] For the reasons stated below, the Court will sustain the Defendant's Objections, deny the Plaintiff's Motion to Reverse in part, and return this matter to the Magistrate Judge to consider the second issue raised in the Plaintiff's Motion to Reverse, i.e., that "[t]he ALJ Failed to Evaluate The Medical Opinion of Mr. Jaramillo's Treating Physician in Violation of Tenth Circuit Case Law and the Administration's Own Regulations," Motion to Reverse Memorandum at 1, and to prepare a Supplemental Proposed Findings and Recommended Disposition consistent with this Order.

**PROCEDURAL BACKGROUND**

On June 12, 2008, Jaramillo filed an application for Social Security Disability Insurance ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401 et seq., and for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging disability beginning March 15, 2007. See Tr. at 189, 192. The claims were initially denied on July 30, 2008, and denied again upon reconsideration on September 23, 2008. See Tr. at 60-63, 67-69.

On May 20, 2010, the Administrative Law Judge ("ALJ") conducted a hearing. See Tr. at 11. On June 24, 2010, the ALJ issued an unfavorable decision finding that Jaramillo has the residual functional capacity to perform light work, but must frequently change positions, cannot reach overhead, is limited to minimal handling with the left upper extremity, and is limited in understanding, remembering, and carrying out simple tasks because of his pain and depression. See Tr. 16.

[1] Consideration of the Defendant's Reply has assisted the Court, and the Court will therefore deny Plaintiff's Motion to Strike the Defendant's Reply to Plaintiff's Response to Objections (Doc. # 28), filed September 3, 2013 (Doc. 29).

On May 24, 2012, Jaramillo filed his Motion to Reverse. See Motion to Reverse; Motion to Reverse Memorandum. He raises two arguments in his motion. He first argues that the ALJ committed legal error at step two by not assessing whether he had a determinable mental impairment of post-traumatic stress/anxiety related disorder and not ruling on the severity of this mental impairment. See Motion to Reverse Memorandum at 1. Second, Jaramillo argues that the ALJ failed to evaluate the medical opinion of Jaramillo's treating physician. See Motion to Reverse Memorandum at 1. On July 25, 2012, the Defendant filed his Response to Plaintiff's Motion to Reverse and Remand. See Doc. 22. On August 8, 2012, Jaramillo filed his Reply Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision. See Doc. 23. On July 30, 2013, having considered the Motion to Reverse, the memoranda that the parties submitted, the administrative record, and the applicable law, The Honorable Alan C. Torgerson, United States Magistrate Judge, entered the R&R. See R&R.

In Judge Torgerson's R&R, he found that the ALJ's failure to specifically mention Jaramillo's post-traumatic stress/anxiety related disorder at step two does not constitute reversible error. That aside, Judge Torgerson also found that the ALJ failed to evaluate the severity of Jaramillo's post-traumatic stress/anxiety related disorder, or discuss whether Jaramillo's "mental impairment" meets or is medically equal to the criteria of Listing 12.06 which applies to "Anxiety Related Disorders" at step three. R&R at 11. Applying the harmless error analysis set out in Fischer-Ross v. Barnhart, 431 F.3d 729, 734 (10th Cir. 2005), Judge Torgerson found that the ALJ's findings did not "conclusively negate the possibility" that Jaramillo could meet the relevant listing. See R&R at 12-13. Because Judge Torgerson recommended remand based on the ALJ's failure to evaluate and consider Jaramillo's post-

traumatic stress syndrome and anxiety-related disorder, Judge Torgerson did not address Jaramillo's second argument. See R&R at 14.

The Defendant asks the Court to decline to adopt Judge Torgerson's R&R and affirm the ALJ's decision, because any findings as to Listing 12.04, Affective Disorders, would necessarily be the same as to Listing 12.06, Anxiety-Related Disorders. See Objections at 2. As such, the Defendant states that "the Court may supply any missing dispositive finding concerning Listing 12.06 'based on material the ALJ did at least consider (just not properly), [and it] could confidently say that no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way.'" Objections at 2 (quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004)).

Jaramillo asks the Court to adopt Judge Torgerson's R&R, because the ALJ failed to include any limitations at steps three or four stemming from his post-traumatic stress/anxiety related disorder, and, he argues, this error warrants remand. See Response at 2. Jaramillo argues there is a difference of substance between Listing 12.04 and Listing 12.06, and specifically refers to the "paragraph C" criteria of 12.06 that provides for an assessment of an individual's inability to function independently outside the area of his home. See Response at 4. Jaramillo argues that, if the Court finds merit in the Defendant's objections, the Court should return the matter to Judge Torgerson to issue a supplemental report and recommendation based on Jaramillo's additional claims of error. See Response at 5.

In his Reply, the Defendant argues that the "listing analysis" raised in Judge Torgerson's R&R was raised *sua sponte* and should not have been discussed given it was an issue Jaramillo himself "deemed meritless such that he did not mention [it], let alone develop, an argument." Reply at 2. The Defendant further argues that Judge Torgerson recommended remand on the

mistaken belief that the "paragraph B" criteria are different for Listing 12.04 and 12.06. See Reply at 2. Defendant reiterates that, if an individual has "paragraph B" limitations under one listing, or lacks limitations under one listing, that individual would necessarily lack limitations regardless of the mental impairment being evaluated. See Reply at 2.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"

United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

[1] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting

---

not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to

permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth

Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT,

2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the magistrate judge's work when there is no objection,

nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

**ANALYSIS**

The Court has conducted a de novo review of the record and finds that the Defendant's Objections are well taken. The Defendant asks the Court to decline to adopt Judge Torgerson's R&R and affirm the ALJ's decision, because any findings as to Listing 12.04, Affective Disorders, would necessarily be the same as to Listing 12.06, Anxiety-Related Disorders. See Objections at 2. As such, the Defendant states that "the Court may supply any missing dispositive finding concerning Listing 12.06 'based on material the ALJ did at least consider (just not properly), [and it] could confidently say that no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way.'" Objections at 2 (quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004)). In other words, even though the ALJ failed to evaluate Jaramillo's post-traumatic stress/anxiety-related disorder, the Defendant argues that substantial evidence supports the ALJ's conclusion. This Court agrees.

As an initial matter, the Defendant's argument in his Reply that the "listing analysis" raised in Judge Torgerson's R&R was raised *sua sponte* is untethered. In his Motion to Reverse, Jaramillo raised the alleged error that the ALJ failed to assess whether he had a determinable

mental impairment of post-traumatic stress/anxiety-related disorder and failed to rule on the severity of this mental impairment. While Jaramillo did not specifically state that the ALJ failed to analyze his mental impairment under Listing 12.06, he nonetheless explicitly raised the issue that the ALJ failed to assess his post-traumatic stress/anxiety-related disorder. In evaluating mental disorders, Social Security has a category designated to anxiety-related disorders: Listing 12.06. Thus, Judge Torgerson's reference to Listing 12.06 merely makes reference to the formal listing that Jaramillo fully described.

The Listings describe impairments that are considered severe enough to prevent a person from performing any gainful activity. See 20 C.F.R. §§ 404.1525(A), 416.925(A). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). When a claimant for disability benefits presents evidence of a mental impairment, the Commissioners must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listings. See Cruse v. United States Dept. of Health & Human Serv., 49 F.3d 616-17 (10th Cir. 1995). This procedure involves two parts. Under Part A, the Commissioner determines "whether certain medical findings which have been found especially relevant to the ability to work are present or absent." 20 C.F.R. § 404.1520a(b)(2). Under Part B, the Commissioner "rate[s] the degree of functional loss resulting from the impairment(s)." 20 C.F.R. § 404.1520a(c)(3). The Listings subsections applying to mental disorders enumerate criteria that guide the Commissioner through Parts A, B and C for a given disorder. See 20 C.F.R. Pt. 404, Subpt. P, App. 12.02-12.08.

Step three asks whether any medically severe impairment, alone or in combination with other impairments, meets or equals a listing. See 20 C.F.R. §§ 404.1525-404.1526. Here, the ALJ failed to consider Jaramillo's diagnosis of post-traumatic stress/anxiety-related disorder. This finding was error. See Murdock v. Astrue, 458 F. App'x 702, at 705 (10th Cir. 2012)(unpublished)(finding that ALJ erred by not discussing evidence or making findings to support conclusion that certain impairment did not meet listing.).[2] "A step three error, such as the one in this case, does not automatically require remand." Murdock v. Astrue, 458 F. App'x at 704-05. The Court must consider whether the ALJ's findings "'conclusively preclude Claimant's qualification under the listings at step three' such that 'no reasonable factfinder could conclude otherwise.'" Murdock v. Astrue, 458 F. App'x at 705 (quoting Fischer-Ross v. Barnhart, 431 F.3d 729, 735 (10th Cir. 2005)). If "there are no findings that 'conclusively negate the possibility' that a claimant can meet a relevant listing, [the Court] must remand to the ALJ for further findings." Murdock v. Astrue, 458 F. App'x at 704 (citation omitted)(quoting Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996)).

In the absence of specific findings at step three, the question under Fisher-Ross v. Barnhart is whether the ALJ's evaluation of the evidence and specific findings at steps four and five of the sequential process preclude any favorable ruling for Jaramillo at step three, thereby

[2] Murdock v. Astrue is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court finds that Murdock v. Astrue has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

making remand an unwarranted formality. See Fischer-Ross v. Barnhart, 431 F.3d at 733. Because the ALJ made substantial findings at step four in Fischer-Ross v. Barnhart, the Tenth Circuit declined to review an ALJ's conclusory determination at step three in an isolated manner separate from the rest of the ALJ's decision. See Fischer-Ross v. Barnhart, 431 F.3d at 734 & n.5. In Fischer-Ross v. Barnhart, the Tenth Circuit further explained that the ALJ's findings at steps four and five, "coupled with indisputable aspects of the medical record," defeated any notion that the claimant met listing requirements. 431 F.3d at 735. Thus, in that case, the Tenth Circuit concluded that any error by the ALJ at step three was harmless.

While the Defendant argues that Jaramillo's limitations in the "four broad functional areas" would be the same regardless what listing is used to evaluate him, this argument is misplaced. The test under Fischer-Ross v. Barnhart requires that when an ALJ fails to discuss evidence or make findings to support the conclusion that certain impairments do not meet a listing at step three, remand is not required if the ALJ makes specific findings at steps four and five to preclude any favorable ruling for the plaintiff at step three. Here, it is undisputable that the ALJ failed to discuss evidence or make findings to support the conclusion that Jaramillo's post-traumatic stress/anxiety-related disorder did not meet a listing at step three. Nevertheless, even though the ALJ did not specifically evaluate Jaramillo's post-traumatic stress/anxiety-related disorder, the Court finds that the ALJ's findings at steps four and five reject any notion that Jaramillo's post-traumatic stress/anxiety-related disorder approaches the level of severity required to render him presumptively disabled. In addition, the Court's review of the substantial evidence does not reveal any evidence that contradicts the ALJ's findings.

Jaramillo's argument that the ALJ's failure to determine whether Jaramillo had an anxiety-related disorder is not harmless error fails for several reasons. First, Jaramillo argues

that he is a long time sufferer of both post-traumatic stress/anxiety-related disorder and depression. The ALJ acknowledged this fact in his report. See Tr. at 15, 16, 18. Second, Jaramillo contends that state agency psychiatrist, Dr. W. Miller Logan, identified that Jaramillo suffered from an anxiety-related disorder, namely, post-traumatic stress disorder, and that this diagnosis requires the ALJ to fully evaluate this mental impairment. However, what Jaramillo fails to add is that, even after identifying him as suffering from an anxiety-related disorder, Dr. Logan found that his degree of functional limitation under the "B" criteria in activities of daily living and maintaining social functioning was mild, and he had no limitations in his ability to maintain concentration, persistence, or pace. See Tr. at 296. Furthermore, in rating Jaramillo's residual functional capacity, Dr. Logan found that he had no functional limitations except for being moderately limited in his ability to interact appropriately with the general public, and in his ability to accept instructions and respond appropriately to criticism from supervisors. See Tr. at 304. The ALJ acknowledged these limitations in his report. See Tr. at 14. In addition, Jaramillo does not point to any evidence that contradicts these limitations nor could the Court locate any in its review of the record. Third, the ALJ considered in his evaluation Jaramillo's subjective testimony regarding the limitations that his social anxiety caused. See Tr. at 18. Fourth, the ALJ questioned Jaramillo about his anxiety-related disorder and depression at the hearing, and included Jaramillo's "psychological symptoms" in the hypothetical he presented to the Vocational Expert. See Tr. at 29, 41-45, 51. The ALJ's evaluation and specific findings regarding Jaramillo's post-traumatic stress/anxiety-related disorder at steps four and five, "coupled with indisputable aspects of the medical record," therefore defeat any notion that Jaramillo would meet the listing requirements of post-traumatic stress/anxiety-related disorder

and precludes any favorable ruling for Jaramillo at step three, thereby making remand an unwarranted formality. Fischer-Ross v. Barnhart, 431 F.3d at 735.

In conclusion, the Defendant's Objections are well taken. Because, however, Judge Torgerson did not reach the second issue that Jaramillo raised in his Motion to Reverse, the Court will return this matter to Judge Torgerson pursuant to rule 72(b)(3) and 28 U.S.C. § 636(b)(1)(C).

**IT IS ORDERED** that: (i) the Defendant's Objections to Magistrate Judge's Report and Recommendation (Doc. 26)("Objections") are sustained, and the Plaintiff's Motion to Reverse or Remand, filed May 24, 2012 (Doc. 20)("Motion to Reverse"), is denied in part; and (ii) this matter is returned to the Magistrate Judge to consider the second issue raised in the Plaintiff's Motion to Reverse, i.e., "[t]he ALJ Failed to Evaluate The Medical Opinion of Mr. Jaramillo's Treating Physician in Violation of Tenth Circuit Case Law and the Administration's Own Regulations," Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision, filed May 24, 2012 (Doc. 21), at 1, and to prepare a Supplemental Proposed Findings and Recommended Disposition consistent with this Order.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael D. Armstrong
Albuquerque, New Mexico

*Attorney for Plaintiff Joseph A. Jaramillo*

Kenneth J. Gonzales
United States Attorney
Manuel Lucero
Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

-- and --

Christopher Carrillo
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration

*Attorney for Defendant Michael J. Astrue, Commissioner of the Social Security Administration*