## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. JARAMILLO,

      Plaintiff,

vs.                                             No. CIV 11-0906 JB/ACT

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO STRIKE

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Reply to Plaintiff's Response to Objections (Doc. # 28), filed September 3, 2013 (Doc. 29)("Motion to Strike"). On September 4, 2013, the Defendant filed its Response in Opposition to Plaintiff's Motion to Strike Document 28. See Doc. 30. Having considered the parties' submissions, and being otherwise fully advised in the premises, the Court finds the Motion to Strike does not have a sound basis in the law or facts, and it is denied.

### LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

(f)    **Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

    (1)    on its own; or

    (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Professors Charles Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, should be denied:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . . .

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted).  Accord Burget v. Capital W. Sec., Inc., No. CIV-09-1015-M, 2009 WL 4807619, at *1 (W.D. Okla. December 8, 2009)(Miles-LaGrange, C.J.)(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))[1]("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court.").

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy."  Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010)).  "The Court must be convinced that there

---

[1] Scherer v. U.S. Dep't of Educ. is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . .  However, if an unpublished opinion . . .  has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision."  United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court finds that Scherer v. U.S. Dep't of Educ. has persuasive value with respect to a material issue, and will assist the Court in its disposition of this memorandum opinion and order.

are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." Friends of Santa Fe Cnty. v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(quoting Carter-Wallace, Inc. v. Riverton Lab., Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969))(internal quotation marks omitted). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted).

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., No. 08-CV-00563-WYD-KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490, at *1, *4 (10th Cir. 1998)(unpublished table decision))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are

disfavored." Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. January 8, 2010)(Egan, J.))(internal quotation marks omitted)).  "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d at 1184 (citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710, at *3 n.6 (10th Cir. 1998)(unpublished table decision)).

For example, in Skyline Potato, Co., Inc. v. Hi-Land Potato, Co., Inc., No. CIV 10-698, 2012 WL 6846386 (D.N.M. December 31, 2012)(Browning, J.), the Court denied a motion to strike a letter filed with the Court, because the letter was not a pleading and did not pertain to either party's legal defenses or arguments -- the letter expressed one party's position regarding whether the Court should rule on summary judgment motions pending at the close of a bench trial.  See 2012 WL 6846386, at *6.  Similarly, in Great Am. Ins. Co. v. Crabtree, No. CIV 11-1129 JB/KBM, 2012 WL 3656500 (D.N.M. August 23, 2012)(Browning, J.), the Court denied a plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were neither pleadings nor irrelevant.  See 2012 WL 3656500, at *18.  In Applied Capital, Inc. v. Gibson, the Court refused the plaintiff's request to strike a motion to dismiss because rule 12(f) applies only to pleadings, and not to a motion to dismiss.  See 2007 WL 5685131, at *18.  In Estate of Anderson v. Denny's, Inc., No. CIV 12-0605 JB/GBW, 2013 WL 690809 (D.N.M. February 7, 2013)(Browning, J.), the Court denied the plaintiff's request to strike a notice of completion of briefing for similar reasons.  See 2013 WL 690809, at *12.

<u>**ANALYSIS**</u>

Plaintiff Joseph A. Jaramillo's Motion to Strike does not address material contained in a "pleading." In addition, the local rules do not prohibit Defendant's Reply. Finally, this District has previously considered the government's reply to a plaintiff's response to objections. "Although reply briefs in support of objections are not contemplated by Fed. R. Civ. P. 72(b), which allows for a response to objections, the Court will consider the government's reply." <u>Nabi v. Terry</u>, No. CV 12-0259 MV/LAM, 2012 WL 7808091, at * 1 (D.N.M. October 29, 2012)(Vazquez, M.). The Court normally allows replies for other motions, and, in any event, the Court can waive the local rules "to avoid injustice." D.N.M.LR-1.7. Accordingly, the Court will not strike the Defendant's Reply.

**IT IS ORDERED** that Plaintiff's Motion to Strike Reply to Plaintiff's Response to Objections (Doc. # 28), filed September 13, 2013 (Doc. 29), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael D. Armstrong
Albuquerque, New Mexico

   *Attorney for Plaintiff Joseph A. Jaramillo*

Kenneth J. Gonzales
   United States Attorney
Manuel Lucero
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

-- and --

Christopher Carrillo
   Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration

*Attorney for Defendant Michael J. Astrue, Commissioner of the Social Security Administration*